**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4068**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ROBERT CURTIS BROWN,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:05-cr-00825-DCN-1)

Submitted:  August 21, 2009        Decided:  September 9, 2009

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney, Eric J. Klumb, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Curtis Brown appeals the district court's denial of his motion for amended sentence and judgment. On appeal, Brown asserts that the district court erred in determining that it did not have authority to sentence him below his mandatory minimum sentence, in order that he receive credit for time spent in prison for violating his New York parole. Because the district court did not have jurisdiction to entertain Brown's motion for amended sentence and judgment, we affirm.

"'Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)) (alterations omitted). A district court's assumption of jurisdiction is reviewed de novo. Id.

With limited exceptions, a district court does not have jurisdiction to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c) (2006). None of the exceptions, however, is applicable to Brown's circumstances. Pursuant to Rule 35(a), a court may correct a sentence within seven days of sentencing that resulted from "arithmetical, technical, or other clear error." Because Brown's motion was

filed nearly two years after sentencing, Rule 35(a) was unavailable to Brown. Under Rule 36, a court may, at any time, correct a clerical error in a judgment, order, or in the record. However, Rule 36 does not allow a court to revisit a sentence to apply a downward departure to account for time served, as such a correction is "aimed at remedying an error of law, not an error of transcription." United States v. Werber, 51 F.3d 342, 348 (2d Cir. 1995).

Brown argues that the district court's statement that "[o]nce we find out whether the [Bureau of Prisons] give[s] him credit based on that, if we need to put anything else on the record, need to send them a letter, anything like that, I'll be glad to do that," was sufficient to allow the district court to retain jurisdiction to ensure the enforcement of its recommendation that Brown get credit for time served in New York. However, the assertion is belied by statute and Supreme Court precedent. Under 18 U.S.C. § 3585(b) (2006), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Section 3585(b), however, does not permit a district court to determine the extent of such credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Only the Attorney General, acting

3

through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED